Lambert E. KLEIN, Plaintiff,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, Justice Department, Defendant.

Civ. No. 13506.

United States District Court
E. D. New York.

Oct. 30, 1957.

Arthur H. Beyer, New York City, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Victor R. Taylor, Atty. Dept. of Justice, Washington, D. C., and Lloyd H. Baker, Asst. U. S. Atty., Brightwaters, N. Y., for defendant.

RAYFIEL, District Judge.

The plaintiff, an American citizen, brought this action under Section 9(a) of The Trading With the Enemy Act (Section 9(a) of Title 50 U.S.C.A.Appendix), to recover certain property which had been vested by the Alien Property Custodian pursuant to Vesting Order No. 10721, dated February 16, 1948, and amended on May 5, 1948.

Here, briefly, are the facts: The plaintiff was born in Philadelphia, Pennsylvania, on August 9, 1892. His father died in 1903, leaving a Will which named the Fidelity-Philadelphia Trust Company as Trustee of his estate, and provided that the plaintiff's mother was to receive the income therefrom for life and upon her death the principal thereof was to be divided between the plaintiff and his brother, Wilfred Klein.

In or about 1905, when the plaintiff was twelve years old, his mother took him and his brother to Germany, where she remarried and remained until her death in 1939. The plaintiff attended schools in Germany, studied dentistry and thereafter engaged in the practice of that profession. In 1914 he married a German National. During World War I, and thereafter until 1940, he registered as an American citizen with the American Consulate in Berlin, where he resided. On May 1, 1933 he became a member of the Nazi Party. In 1939 he was advised by the American Consul in Berlin to return to the United States; but he failed to do so because, as he stated, of the illness of his wife and son. In that year his son became a German citizen. On July 2, 1939 the plaintiff filled out a questionnaire required of all members of the Nazi Party, giving his vital statistics and his party card number, and listing his activities in four of the branch or affiliated organizations of the Nazi Party.

He alleges that after December 11, 1941, when war was declared on Germany by the United States, he made several attempts to leave Germany, but was unsuccessful. He remained there until December 1948, when he returned to the United States with his wife, United States passports having been issued to them as citizens of the United States by the American Consul in Berlin. On February 16, 1948 the plaintiff's share in his father's estate, which had been on deposit in the Fidelity-Philadelphia Trust Company, was vested by the Office of Alien Property under Vesting Order No. 10721.

The plaintiff contends that his stay in Germany after the declaration of war was involuntary, and that he and his wife made every effort to return to the United States or go to a neutral country, neither of which he was able to accomplish because of the action of the German authorities.

The plaintiff, in his trial memorandum, concedes that if a citizen of the United States *voluntarily* stayed in Germany, or in a country with which the United States was at war, the vesting of his property would be valid. The question to be decided here, then, is: Did the plaintiff remain in Germany voluntarily subsequent to the declaration of war between the United States and Germany?

■ That question was discussed by Circuit Judge Proctor in the case of McGrath v. Zander, 85 U.S.App.D.C. 334, 177 F.2d 649, at page 652, in which he said, "We recur then to the decisive question. Was appellee 'resident within' Germany? If so, she became an enemy under Section 9(a) and would not be entitled to recover. The crucial term 'resident within' has been interpreted in Josephberg v. Markham, 2 Cir., 1945, 152 F.2d 644, 648–649; Vowinckel v. First Federal Trust Co., supra, 9 Cir., 10 F.2d 19, at pages 20, 21; Stadtmuller v. Miller, supra [2 Cir.], 11 F.2d [732] at pages 737–739, 45 A.L.R. 895, and Sarthou v. Clark, D.C.S.D.Cal.1948, 78 F. Supp. 139, 142. This last case epitomizes the several rulings in these words: ' * * * "resident within the territory" as employed in the Act connotes something different from and more than living within the specified areas. *It is rather indicative of a settled and permanent place of abode, volitionally acquired and voluntarily assumed. It is a habitation having domiciliary properties.*' " (Emphasis supplied.)

■ Applying those tests to the case at bar we find that the plaintiff admits that he resided in Germany voluntarily from 1905 to 1941, a period of thirty-six years. He attended schools there, was married there, raised his family there, practiced his profession there, joined the Nazi Party there, and, according to the questionnaire signed by him, participated in the activities of four of its subsidiary organizations, included among which were The German Labor Front, The National Socialist Public Welfare Association and The Reich Association for Air Raid Protection. He remained there during the period of World War I and for many years thereafter, and admits that he was advised by the American Consul in Berlin in 1939 to leave Germany. He states that he did not heed this warning because of the illness of his wife and son. It should be noted, however, that that was the year in which he signed the questionnaire listing his activities in the Nazi Party, and the year in which his son became a naturalized German citizen. He could have left Germany at any time between 1939 and December, 1941, when war was declared, without being detained, and there was no evidence that he was prevented from so doing by illness or any other cause.

I was not favorably impressed by the plaintiff's claim that after the declaration of war in December, 1941, it was his intention to leave for the United States or a neutral country, but that he was prevented from so doing by the German authorities. On the contrary, I am convinced that his continued residence in Germany after December, 1941 was entirely voluntary. Of course, he was subjected to certain restrictions and interrogations, was probably required to report regularly to police or military authorities, and was undoubtedly restricted in his movements since it was known to the German authorities that he was an American citizen.

There is no question but that the plaintiff did *not* expatriate himself and the defendant does not so contend. The defendant claims, however, that the plaintiff is not entitled to maintain this action for the return of the vested property pursuant to Section 9(a) of the Trading With the Enemy Act (U.S. C.A.Title 50 Appendix, § 9(a)), since he remained in Germany voluntarily after the declaration of war.

I find that, as stated in McGrath v. Zander, supra, the plaintiff had "a settled and permanent place of abode volitionally acquired and voluntarily assumed" in Germany. His domicile was clearly there.

Accordingly, the complaint is dismissed and judgment rendered in favor of the defendant.

Submit proposed findings of facts, conclusions of law and decree in conformity herewith.